# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Robert Lariccia, | ) | CASE NO. 1:13 CV 1805 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Commissioner of Social Security, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon defendants' Motion to Dismiss (Doc. 9). This

case arises out of a finding that plaintiff was not disabled within the meaning of the Social

Security Act.  For the following reasons, the motion is GRANTED except as to the four FOIA

requests discussed herein.  The case is stayed as to those requests.

### Facts

Plaintiff Robert Lariccia, proceeding *pro se,* filed this Complaint against defendants

the Commissioner of Social Security Administration and Thomas Ciccolini, an

Administrative Law Judge (ALJ).  Plaintiff asserts two claims.  Count One alleges that the

1

Commissioner failed to comply with records requests made under the Freedom of Information Act.  Count Two alleges that defendants altered the audiotape recording of his administrative hearing for Social Security disability by deleting eight minutes of the hearing.  This negatively affected the outcome of plaintiff's claim.  Defendants also failed to enter into the record answers to interrogatories from a vocational expert.

The facts underlying the Complaint are provided by the public records submitted by defendants. Plaintiff applied for a period of disability and disability insurance benefits with the Social Security Administration. On August 12, 2009, ALJ Ciccolini, after an administrative hearing, found plaintiff not disabled within the meaning of the Social Security Act from October 28, 2004 through the date of his decision. (Doc. 9 Ex. A-1) The Appeals Council of the Social Security Administration denied plaintiff's request for review of ALJ Ciccolini's decision on January 28, 2011, making ALJ Ciccolini's decision the final decision of the Commissioner. (*Id.* Ex. A-2)  Represented by counsel, plaintiff timely sought judicial review of the Commissioner's decision in the Northern District of Ohio on March 12, 2011. (*Id.* Ex. A-3)  Magistrate Judge Kenneth S. McHargh affirmed the decision by Memorandum of Opinion and Order on August 2, 2012.  (*Id.* Ex. A-4) Proceeding *pro se*, plaintiff filed a timely Notice of Appeal with the United States Court of Appeals for the Sixth Circuit on September 26, 2012.  (*Id.* Ex. A-5) The Sixth Circuit issued a decision on December 13, 2013, reversing Magistrate Judge McHargh's Memorandum of Opinion and Order and remanding with direction to remand to the Commissioner for reassessment of the application for benefits. *LaRiccia v. Commissioner of Social Security*, 2013 WL 6570777 (6th Cir. Dec. 13, 2013).

This matter is now before the Court upon defendants' Motion to Dismiss.  Defendants

2

move for lack of subject matter jurisdiction and failure to state a claim.

**Standard of Review**

"A challenge to subject-matter jurisdiction under Rule 12(b)(1) is either a 'facial attack,' where the court must take all of the allegations in the complaint as true, or a 'factual attack,' where the court can weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Amburgey v. U.S.* , 733 F.3d 633 (6th Cir. 2013) (citations and some internal quotations omitted).

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ).  In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997). "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level."*ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank,* 2009 WL 1811915 (6th Cir. June 25, 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir.2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

3

In *Twombly*, the court held that to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.

**<u>Discussion</u>**

This Court will first address Count Two given that it is now moot in light of the Sixth Circuit decision.

**(a) Count Two**

Plaintiff alleges the following. Defendants provided an incomplete recording of his April 2009 administrative hearing on his application for a period of disability and disability insurance benefits given that the recording is missing at least 8 minutes of testimony. Plaintiff had entered a complaint of bias against ALJ Ciccolini based on comments Ciccolini had made at the hearing. Due to the deletion of the 8 minutes, plaintiff was unable to obtain the proof of bias in his appeal of the ALJ's decision.  This negatively affected the outcome of plaintiff's disability claim.  Defendants also improperly withheld answers to interrogatories from a vocational expert which damaged his disability claim. Plaintiff's constitutional right to due process was violated by these actions and, *inter alia,* he is entitled to damages "that equal the total amount of plaintiff's disability claim benefits."

Plaintiff raised these same arguments to the Sixth Circuit although he had not presented the issues to Magistrate Judge McHargh.  The Sixth Circuit determined that the issues were waived:

4

LaRiccia contends that his claim regarding the deficient transcript and audio recording should not be deemed forfeited because he discovered the deficiency only after the district court had issued its decision. But LaRiccia was aware of the ALJ's comments allegedly displaying bias at the time of the hearing; he raised them in a complaint filed with the Commissioner while the ALJ's decision was still pending. And, although LaRiccia did not have access to the audio recording before the district court decision, his attorney had a copy of the transcript. Accordingly, LaRiccia was not prevented from raising the bias or transcript-deficiency claims before the district court, and forfeited the claims by failing to do so.

LaRiccia also argues that the district court erred by entering into the record interrogatories that were submitted to a vocational expert without including the VE's answers. But, aside from the unanswered interrogatories and a cover letter to the VE requesting that she answer them, nothing suggests that the VE did answer the interrogatories and that the answers were omitted from the record. Moreover, the district court had no reason to inquire, *sua sponte*, into whether answers to the interrogatories had been omitted from the record. To the extent LaRiccia charges the Commissioner with error for failing to include the answers in the record, LaRiccia waived the issue by failing to present it to the district court.

*LaRiccia v. Commissioner of Social Security*, 2013 WL 6570777 (6th Cir. Dec. 13, 2013).

Accordingly, as the Sixth Circuit has already deemed these issues waived, Count Two is dismissed as moot.[1]

**(b) Count One**

Plaintiff alleges that he made a total of ten requests for information to the

---

[1] Even assuming the claim were not moot, it is subject to dismissal. Although plaintiff has ostensibly asserted this claim as one for a violation of his constitutional rights, the claim is actually one for review of the ALJ's decision given that plaintiff is seeking damages "that equal the total amount of plaintiff's disability claim benefits." Section 205(g) of the Social Security Act, 42 U.S.C. § 405, makes the judicial review method set forth therein the exclusive way of reviewing the final decision of the agency. By arguing that defendants altered the record and withheld evidence, and by seeking damages in the amount of his disability benefits, plaintiff is actually seeking review of the final agency decision.

Commissioner of Social Security under the Freedom of Information Act (FOIA) but that defendant answered three requests in a non-responsive manner and ignored the other seven requests.

In its Motion to Dismiss, defendants submitted the declaration of Dawn Wiggins, Deputy Executive Director of the Office of Privacy and Disclosure (OPD) in the Office of the General Counsel at the Social Security Administration (SSA), who acts as Freedom of Information Officer.  She stated that plaintiff exhausted[2] his administrative remedies as to only one of his FOIA requests, and she addressed that request (January 4, 2013, reference no. AJ0214, appeal reference no. AK9558).[3]  Wiggins noted that plaintiff's May 1, 2013 appeal letter regarding that request contained a separate request for information which the OPD

---

[2]  "Exhaustion of administrative remedies is a threshold requirement to a FOIA claim." *Auto Alliance Intern., Inc. v. U.S. Customs Service,* 155 Fed.Appx. 226 (6th Cir. 2005).

[3]  Wiggins states the following as to this request.  Plaintiff made a FOIA request on January 4, 2013, asking the Social Security Administration for the following: the interrogatories answered by vocational expert Carol Mosley relating to his Social Security case; billing information and payment records sent to Mosley for these interrogatories; and any and all communication, billing, and documents from her or to her from Social Security relating to plaintiff, his case, or anything touching upon his Social Security number.  Ultimately, an Attorney Advisor in the Office of Disability Adjudication and Review (ODAR) stated that the only responsive document found was the blank interrogatories that the Social Security Administration sent to Mosley and which Mosley did not provide a response because a different vocational expert had testified at plaintiff's hearing.  There were no other responsive documents.  Plaintiff was notified by letter of this response and was also informed that Mosley's personal address information was being withheld on a privacy basis.  Plaintiff appealed this response.  Plaintiff was thereafter notified that no additional documents were found.  Plaintiff was notified that this constituted the final agency decision upon which plaintiff could seek review in a United States District Court. (Wiggins first decl.)

treated as a new request (reference no. AL0536). The OPD sent a response letter to this new

request, but plaintiff did not appeal the response.  Finally, Wiggins stated that plaintiff had

"submitted multiple other FOIA requests to SSA, some of which are overlapping or

duplicative requests.  However, as of August 16, 2013 [the date of the filing of plaintiff's

Complaint herein], Mr. LaRiccia had not exhausted his administrative remedies with respect

to those other FOIA requests." (Wiggins first decl.)

      In his response to the motion, plaintiff submitted his declaration with copies of FOIA

requests he states that he made. (Doc. 10)  In reply, Wiggins submitted a second declaration

wherein she states the following. In response to plaintiff's Complaint, OPD searched its FOIA

tracking system (eFOIA) and identified the following documents associated with plaintiff:

AI6024
AI6870/duplicated as AI6872
AJ0212/AL2396
AJ0214/AK9558
AL0536
AL0620/AL4899

As explained in the first declaration, plaintiff had exhausted as to AJ0214/AK9558 only.

Wiggins submits a table with regard to the remaining requests.  (Table 1) These are the

documents to which Wiggins referred when she stated in her first declaration that plaintiff had

submitted multiple other FOIA requests but as of the date of the filing of his Complaint, he

had not exhausted his administrative remedies as to them.

      Plaintiff then filed his response to defendants' motion which included more than 40

pages of exhibits.  As to Exhibits 1-A, 1-B, 1-C, 1-D, 1-E, 1-F, 1-G, 1-H(a), 1-I(b), and 1-I(c),

OPD conducted a search in the eFOIA system on December 17, 2013, the day following the

filing of plaintiff's brief containing the exhibits, and confirmed that these letters were not in

the eFOIA system, meaning that OPD had no record of receiving them.  In particular, the letters are addressed to the Office of Disability Adjudication and Review (ODAR) in Falls Church, Virginia and Cleveland, Ohio which is responsible for holding hearings and issuing decisions on benefits claims. FOIA requests should be made to OPD and not ODAR. OPD contacted the ODAR offices in Falls Church and Cleveland but those offices were unable to locate the letters and had no record of forwarding them to OPD.  In Table 2, it is explained how Exhibits 1-H(a), 1-I(a), 1-I(b), and 1-I(c) were actually addressed in OPD's responses to FOIA requests AJ0212, AJ0214, and AI6024.  With regard to the remaining seven Exhibits 1-A, 1-B, 1-C, 1-D, 1-E, 1-F, and 1-G, OPD inputted them into the eFOIA system on January 9, 2014, and has begun working on responses to the requests.  OPD expects to respond to the requests by February 10, 2014.  (Wiggins second decl.)

Accordingly, this Court permitted additional time to the SSA to supplement its Motion to Dismiss once it responded to the seven outstanding requests.

As to the three remaining FOIA requests to which plaintiff claims he received defective responses, defendants assert the Court lacks subject matter jurisdiction. This Court agrees.

Plaintiff continues to take issue with the defendants' responses to plaintiff's requests for the vocational expert's interrogatory answers (reference no. AJ0214).  As explained in Dawn Wiggins's first declaration, the OPD sent plaintiff's request to ODAR because that agency is responsible for handling the disability hearings.  After conducting a search, ODAR determined that it had only one responsive document, a blank interrogatory that the Social Security Administration (SSA) had sent to the vocational expert.  OPD sent a response to

8

plaintiff's request, providing the blank interrogatory that SSA had sent to the vocational

expert and explaining that the vocational expert did not provide answers to the interrogatory

because a different vocational expert had testified at plaintiff's hearing. The response letter

also indicated that SSA did not have any additional communications or billing documents to

or from the vocational expert related to plaintiff's case as requested by plaintiff.  Because

OPD provided the responsive document to plaintiff and explained that no other responsive

documents existed, it has not "withheld" requested records. *See, e.g., Kissinger v. Reporters*

*Comm. for Freedom of the Press*, 445 U.S. 136 (1980); *Goldgar v. Office of Admin.*, 26 F. 3d

32 (5th Cir. 1994).  Therefore, the Court lacks subject matter jurisdiction.  *Id.*

Plaintiff also contends that the SSA insufficiently responded to his various requests

for tape recordings of his disability hearings and related documents (reference no.

AJ0212/AL2396), and did not sufficiently address his request (reference no. AL0536) for

documents and  communications that determined the basis of Dawn Wiggins's response to a

previous FOIA request (reference no. AJ0214).  As defendants point out, neither of these

requests were ripe for judicial review at the time the Complaint was filed.  (See Wiggins

second decl. Table 1).

Therefore, SSA, OPD responded to each of the FOIA requests that were properly

directed to it office.

Defendants have filed a supplemental brief demonstrating that it has now responded to

the seven requests attached as plaintiff's Exhibits 1-A, 1-B, 1-C, 1-D, 1-E, 1-F, and 1-G.

(Doc. 16, Dawn Wiggins decl. and Exs.)

Plaintiff filed a response to the supplemental brief challenging four of the seven

9

responses as deficient or unanswered.  As to the remaining three, dismissal is warranted as plaintiff does not challenge the responses.  Additionally, the remedial provision of the FOIA limits relief to ordering disclosure of withheld documents.  5 U.S.C. § 552(a)(4)(B) Thus, plaintiff's sole remedy is the production of any improperly withheld documents.

With regard to the four that plaintiff continues to challenge (AL7509, AL 7510, AL 7511, and AL 7513), plaintiff must exhaust his administrative remedies before this Court may review those actions.[4]  Plaintiff was notified in each of the response letters that if he disagreed with the decision he may appeal it to the Executive Director of the Office of Privacy and Disclosure, Social Security Administration.  (Doc. 16, Exs. A-12, A-13, A-14, and A-16)

**Conclusion**

For the foregoing reasons, defendants' Motion to Dismiss is granted except as to the four FOIA requests discussed herein.  The case is stayed as to those requests pending plaintiff's exhaustion of his administrative remedies.

IT IS SO ORDERED.


 /s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
Date: 3/03/14                    United States District Judge

---

[4]       The Court disagrees with plaintiff that these requests are exhausted due to SSA's untimeliness in responding given that they were not properly submitted by plaintiff.

10